Filed 6/17/16  P. v. Sanchez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B268205 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA179441) |
| v. | |
| ARTEMIO ESCAMILLA SANCHEZ, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Artemio Escamilla Sanchez appeals from the order denying his "motion for modification of sentence[,] pursuant to Penal Code § 1202.4, (f)(1)" (some capitalization omitted; hereafter, motion) that he made after the trial court sentenced him to prison following his convictions by jury on count 1 – first degree murder with a special circumstance finding he committed the murder during an attempted robbery and a finding he personally and intentionally discharged a firearm causing death, count 2 – attempted second degree robbery with firearm use, and count 3 – assault with a firearm. (Pen. Code, §§ 187, 190.2, subd. (a)(17)(A), 664/211, 245, subd. (a)(2), 12022.5, subd. (a)(1), 12022.53, subds. (b) & (d).)[1] We affirm the order denying appellant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 1998, several people left a Christmas party held at a home in a Los Angeles neighborhood in territory claimed by a gang. Appellant and two companions, each a member of the gang, approached partygoers outside the home. Appellant, using a gun, assaulted Valentin Medina and attempted to rob Veronica Velasquez. Julio Nava intervened and initially fought with appellant, but appellant's companions joined the fight. Nava was thrown to the ground and appellant and his companions repeatedly kicked Nava. Appellant then, with premeditation and deliberation, murdered Nava by shooting him in the head. Evidence was presented that at the time of the shooting, one of appellant's companions held Nava in a bear hug and appellant raised Nava's head by his hair. (*Sanchez, supra*, B144374; see Cal. Rules of Court, rule 8.1115(b)(2).)

On May 9, 2000, the jury convicted appellant as previously indicated. On July 14, 2000, the court sentenced appellant to prison on count 1 to life without the possibility of parole for the murder, plus 25 years to life for the firearm enhancement, with a consecutive term of 12 years on count 2 and its firearm enhancement, plus a consecutive

---

[1] (*People v. Artemio Escamilla Sanchez* (Oct. 11, 2001, B144374) [nonpub. opn.] (*Sanchez*).) Subsequent section references are to the Penal Code.

subordinate term of one year on count 3.  An amended abstract of judgment reflects the court ordered appellant to pay "[r]estitution of $6,251.91 per PC 1202.4(f) to . . . victims.*"  The footnote corresponding to the asterisk states, "pay to Gabriel Marquez, father of the decedent."  (Some capitalization omitted.)  Appellant's sentence included a $1,000 section 1202.4, subdivision (b) restitution fine and a $1,000 former section 1202.45 parole revocation fine.  Appellant appealed from the judgment but raised no issues concerning restitution or a restitution fine(s).  In October 2001, the judgment was affirmed on appeal.  (*Sanchez, supra*, B144374.)[2]

Appellant was serving his prison sentence when, more than 15 years after his conviction, appellant, on July 17, 2015, filed, in propria persona, the present motion.  The motion conflated the $6,251.91 section 1202.4, subdivision (f) restitution, the $1,000 section 1202.4, subdivision (b) restitution fine, and the $1,000 former section 1202.45 parole revocation fine.[3]  However, the motion essentially argued (1) the restitution was an unauthorized sentence because the trial court, when imposing restitution, did not "identify . . . each loss" within the meaning of section 1202.4, subdivision (f)(3) and did not consider appellant's inability to pay, (2) the restitution fine and parole revocation fine were unauthorized sentences because the court, when imposing the fines, did not consider appellant's inability to pay (§ 1202.4, subd. (b) & former subds. (c) & (d)),[4] (3) appellant received ineffective assistance of trial counsel to the extent these issues were waived by his failure to raise them at sentencing, and (4) California restitution laws violated the federal Constitution.  On August 27, 2015, the People filed an opposition to the motion.

---

**2**  In February 2003, appellant filed in superior court a petition for a writ of habeas corpus.  The petition raised no issues concerning restitution or a restitution fine(s).  On March 5, 2004, the superior court denied the motion.

**3**  For example, the motion referred to the first two as a single "$7,251.91 . . . restitutional fine" (*sic*) and referred to "$1,000 restitution pursuant to Penal Code section 1202.45 [*sic*]."

**4**  However, appellant also claimed he had paid $95 of the $6,251.91 restitution and $785.77 of the $1,000 restitution fine.

On August 28, 2015, the court issued a written order stating appellant "filed a motion to modify that part of his sentence which imposed a restitution fine in the amount of $1,000 and victim restitution in the amount of $6,251.91 to Gabriel Marquez." After noting the People's filed opposition, the order stated, "The court hereby denies relief on the following grounds: [¶] (1) The court lacks jurisdiction to consider the motion after defendant has begun service of his sentence. *People v. Turrin* (2009) [176] Cal.App.4th 1200; [¶] (2) Penal Code section 1202.4(b)(2) authorized the restitution fine; and [¶] (3) As set forth in the minute order the court ordered victim restitution to Gabriel Marquez, the father of the decedent, in the amount of $6,251.91." (Some capitalization omitted.) On October 1, 2015, appellant filed a notice of appeal.

## *CONTENTIONS*

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed February 16, 2016, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. No response has been received to date.

## *REVIEW ON APPEAL*

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *Smith v. Robbins* (2000) 528 U.S. 259, 278-284.)

4

*DISPOSITION*

The order denying appellant's "motion for modification of sentence[,] pursuant to Penal Code § 1202.4, (f)(1)" is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HOGUE, J.*

We concur:

EDMON, P. J.

ALDRICH, J.

---

*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.